## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Rose, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:24-729-RMG |
| vs. | ) | |
| | ) | |
| Martin J. O'Malley, Commissioner of | ) | |
| Social Security, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on July 8, 2024, recommending that the Commissioner's decision be affirmed. (Dkt. No. 12). Plaintiff filed an objection to the R & R, and the Commissioner filed a response. (Dkt. Nos. 13, 14). For reasons set forth below, the Court adopts the R & R of the Magistrate Judge as the Order of the Court and affirms the decision of the Commissioner.

### Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection

is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge.  28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance."  *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow . . . that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard.  *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

## Discussion

Plaintiff asserts a single objection that the Administrative Law Judge ("ALJ") failed to reconcile differences in the opinions of the state agency consultants and a consulting physician and to explain how she determined Plaintiff's residual functional capacity ("RFC").  Two state agency consultants, Blythe Farish Ferrer, PhD, and Larry Clanton, PhD., found that Plaintiff was able to perform "simple, unskilled tasks," but further found persuasive the opinion of a

consulting expert, Chad Ritterspach, PhD., that Plaintiff could follow "simple/semi-detailed

instructions." (Dkt. No. 7-3 at 5-6, 16, 19). The ALJ found the opinions of the two state agency

consultants "persuasive" and the opinions of Dr. Ritterspach "somewhat persuasive." (Dkt. No.

7-2 at 22-23). The ALJ determined Plaintiff retained the RFC to perform medium work with an

exception to positions which limited him to "simple tasks which occasional decision making . . ."

Plaintiff argues that the ALJ adopted an RFC consistent with the findings of Dr. Ritterspach and

inconsistent with the state agency consultants without adequately explaining her reasoning.

The Magistrate Judge directly addressed Plaintiff's objection in the R & R, noting at the

outset that the opinions of the state agency consultants were "not entirely clear" because they

found that Plaintiff was limited to "simple, unskilled tasks" but also found persuasive Dr.

Ritterbach's opinion that the claimant could "retain and follow simple/semi-detailed

instructions." (Dkt. No. 12 at 27-28). The Magistrate Judge further found that Plaintiff had

previously successfully performed positions with a GED Level 4 and the positions identified by

the Vocational Expert at Step Five required only a GED Level of 2. (*Id.* at 28). Additionally,

the Magistrate Judge correctly noted that the ALJ referenced other record evidence outside the

medical opinions which were supportive of the RFC. (*Id*. at 26).

An ALJ adequately performs her task in explaining the RFC if the district court is able to

discern the rationale for adopting certain findings and limitations. The Court agrees with the

Magistrate Judge that the R & R provides an adequate basis for understanding the rationale for

the RFC in this matter. The ALJ is not required to address with specificity every detail of

arguable differences in the record if the basis of the RFC is sufficiently clear to allow appellate

review. *See*, *Piney Mountain Coal Co. v. Mays*, 176 F,3d 753, 762 n. 10 (4th Cir. 1999). Further,

an ALJ is not required to adopt every recommendation of an expert witness whose opinions she

finds persuasive.  *Turner v. Commissioner of Social Security*, 2024 WL 2764722 at \*5 (4th Cir.

2024).

### Conclusion

The Court adopts the R & R of the Magistrate Judge (Dkt. No. 12) as the Order of the

Court and affirms the decision of the Commissioner.

**AND IT IS SO ORDERED.**


s/Richard M. Gergel
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
August 19, 2024